UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WECO SUPPLY COMPANY, INC., a California corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>THE SHERWIN-WILLIAMS COMPANY,<br><br>          Defendant. | 1:10-CV-00171-OWW-SMS<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. 21.) |
| THE SHERWIN-WILLIAMS COMPANY,<br><br>          Cross-Complainant,<br><br>     v.<br><br>WECO SUPPLY COMPANY, INC., a California corporation, and ROES 1-10, inclusive,<br><br>          Cross-Defendant. | |

## I. INTRODUCTION.

Before the court for decision is Defendant Sherwin-Williams' motion to strike Plaintiff's first amended complaint. Defendant claims that the amended pleading was untimely filed and should be disregarded.

Plaintiff Weco Supply Company opposes the motion on grounds that the pleading was untimely due to an internal calendaring error. It argues that no prejudice resulted from the inadvertent mistake.

1

## II. <u>DISCUSSION</u>.

This is a business dispute over Sherwin-Williams' decision to discontinue selling its "Western" line of paint to Weco Supply Company, an auto paint supplier located in Fresno, California. Following this decision, Weco claims that Sherwin-Williams engaged in a series of unlawful business practices designed to capture Weco's customer base, including obtaining Weco's trade secrets and manipulating the Fresno auto paint market. Weco initiated litigation against Sherwin-Williams in Fresno County Superior Court on December 22, 2009. (Doc. 1.) The matter was removed to federal court on the basis of diversity jurisdiction on February 2, 2010. (Id.)

On July 13, 2010, pursuant to an Amended Scheduling Order, the Court stated that the parties had until August 3, 2010 to amend the complaint and answer. (Doc. 15.) Plaintiff, however, did not file an amended complaint by that date and Defendant now moves to strike the first amended complaint on timeliness grounds.

Plaintiff acknowledges that an amended complaint was not filed on August 3, 2010. Rather, Plaintiff filed the amended pleading on September 3, 2010, thirty days after the deadline.[1] (Doc. 19.) Plaintiff claims, through its counsel's declaration, that the oversight was a result of an "in-house calendaring error" and that no prejudice resulted to Sherwin-Williams:

> The Amended Complaint was not filed timely due to an in-house calendaring error. WECO is not acting in bad faith or with the intent to delay these proceedings. In addition, I am unaware of any prejudice to

---

[1] The motion to strike followed six days later, on September 9, 2010. (Doc. 21.)

>  Sherwin-Williams in this litigation due to the late-filed Amended Complaint.  I am also unaware of any prejudice to Sherwin-Williams if the Court granted WECO leave to file the Amended Complaint already on file herein.

(Doc. 23 at ¶ 4.)

According to the declaration of Plaintiff's legal counsel, he attempted to electronically "meet and confer" with counsel concerning the accidental oversight on September 29, 2010. Sherwin-Williams' counsel, however, was not interested in stipulating to the filing of an amended complaint or a modification of the scheduling order.

The analysis begins by noting that several district courts in this Circuit have accepted untimely filings if based on inadvertence and no prejudice resulted.[2]  *See, e.g.*, *Clark v. Small*, No. 09-cv-1484-JMA, 2010 WL 935675, at *1 (S.D. Cal. Mar. 15, 2010) (untimely document accepted because "its untimeliness is not prejudicial to Plaintiff."); *Brandon v. Rite Aid Corp., Inc.*, 408 F. Supp. 2d 964, 967 (E.D. Cal. 2006) (considering untimely documents because "there is no danger of delay or prejudice here.").  Here, Plaintiff's counsel filed a declaration explaining that the amended pleading was late-filed due to an internal calendaring error.  He also stated that the late-filing was not a "product of bad faith" and that, to the extent he was aware, Defendant was not prejudiced.  Defendant has not argued otherwise, as its one-page motion is silent on the prejudicial impact of the

---

[2] In *Clark* and *Brandon*, like here, the tardiness was relatively insignificant.  Those cases, however, dealt with untimely motions, oppositions, and replies.  That distinction is not controlling given the fact that Plaintiff satisfies Rule 15 and 16 of the Federal Rules of Civil Procedure, discussed *infra*.

**untimely filing.  As no detrimental effect is delineated or explained, the Ninth Circuit's "forgiving approach to excusable neglect, accepting even 'weak' reasons if they reveal mere 'negligence and carelessness, not [...] deviousness or willfulness'" governs.**  **See** ***E. & J. Gallo Winery v. Cantine Rallo, S.p.A.***, **430 F. Supp. 2d 1064, 1088 (E.D. Cal. 2005) citing** ***Bateman v. U.S. Postal Service***, **231 F.3d 1220, 1225 (9th Cir. 2000).**[3]

**Under the standards that apply to Federal Rule of Civil Procedure 15(a), a district court maintains discretion to grant or deny a motion to amend.  The Rule specifies that such "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Plaintiff satisfies this standard pursuant to its November 5, 2010 filing, which is treated as a Rule 15(a) motion for leave.  It is relatively early in the case, the filing resulted from an inadvertent calendaring error, and Defendant has not identified a particularized prejudicial impact stemming from the 30-day delay. In the Ninth Circuit, "a court must be guided by the underlying purpose of Rule 15 - to facilitate decision on the merits rather**

---

[3] Defendant offers no explanation why Plaintiff's accidental oversight should not be excused under this "forgiving" approach or, alternatively, Rule 15.  It is difficult to understand why Defendant refused to grant a professional courtesy to co-counsel and stipulate to the filing of its amended complaint, which was substantially similar to the original complaint and a mere four weeks tardy.  Counsel is reminded that motions to strike are "generally disfavored because of the limited importance of pleadings in federal practice and because it is usually used as a delaying tactic." *In re New Century*, 588 F. Supp. 2d 1206, 1220 (C.D. Cal. 2008) (citation omitted).  Counsel is further informed that this Court presides over the heaviest caseload in the nation, with over 1,200 pending criminal and civil cases and the requirement of addressing this matter is a waste of judicial resources.

**than on the pleadings or technicalities." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted). The Court also finds that Plaintiff has demonstrated "good cause" as that term is defined in Rule 16.[4] Plaintiff's amended complaint is ORDERED FILED. The motion to strike is DENIED.**

## IV. CONCLUSION.

For the reasons set forth above:

1. Defendant's motion to strike is DENIED;
2. Plaintiff's first amended complaint is ORDERED FILED;
3. Defendant shall have thirty (30) days to respond to the amended complaint.

IT IS SO ORDERED.

**Dated: November 22, 2010**              /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE

---

[4] As an scheduling order was issued in this case, the present challenge implicates Rule 16 of the Federal Rules of Civil Procedure. In this Circuit, once the court has entered a pretrial scheduling order pursuant to Rule 16, the standards of Rule 16 rather than Rule 15 govern amendment of the pleadings. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Orders entered before the final pretrial conference may be modified only "for good cause." Fed. R. Civ. P. 16(b). Pursuant to its brief and Mr. Laird's declaration, Plaintiff has demonstrated "good cause" as that term is defined in Rule 16.