1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JOSEPH C. OWENS, SB# 116075
2      E-mail: owens@lbbslaw.com
   221 North Figueroa Street, Suite 1200
3  Los Angeles, California  90012
   Telephone: (213) 250-1800
4  Facsimile: (213) 250-7900

5  Attorneys for Defendant and Cross-Complainant
   THE SHERWIN-WILLIAMS COMPANY

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WECO SUPPLY COMPANY, INC., a California corporation, | CASE NO. 1:10-CV-00171-OWW-SMS |
| Plaintiff, | CTRM:  3 |
| v. | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| THE SHERWIN-WILLIAMS COMPANY, an unknown business entity, and DOES 1 through 10, inclusive, | |
| Defendant. | |
| THE SHERWIN-WILLIAMS COMPANY, | |
| Cross-Complainant, | |
| v. | |
| WECO SUPPLY COMPANY, a California Corporation; and ROES 1-10, inclusive, | |
| Cross-Defendants. | |

WHEREAS Defendant and Cross-Complainant THE SHERWIN-WILLIAMS COMPANY. ("Defendant") and Plaintiff and Cross-Defendant WECO SUPPLY COMPANY, INC. ("Plaintiff") (collectively "Parties") anticipate that they may produce

certain "CONFIDENTIAL INFORMATION," as defined below in their responses to written discovery, during deposition testimony, or in response to other requests in the matter captioned Weco Supply Company, Inc., v. The Sherwin-Williams Company, et al. (Case No. 1:10-CV-00171-OWW-SMS) (the "Action"), the parties, through their undersigned counsel, hereby stipulate and agree that the Court may enter a Protective Order based on the following Agreed Confidentiality Stipulation For Entry of Protective Order ("Agreement"), as set forth below:

## I. DEFINITIONS

1) "CONFIDENTIAL INFORMATION" shall mean information, recorded, stored, or maintained for any reason in any medium, including but not limited to print, electronic, or digital, that a party designating the information as "Confidential" reasonably believes to fall within one or more of the following categories:

    a. "Trade Secrets" as that term is defined by California Civil Code § 3426.1, which provides that a trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under he circumstances to maintain its secrecy."

    b. Research, development, or commercial information that is of a highly competitive nature and that a reasonably prudent business person in the applicable field would not release or share outside the company in the ordinary course of business.

    c. Personal information of third parties, or information concerning third parties, that the designating party, in good faith, believes is protected from disclosure, either in redacted or unredacted form, and that cannot be disclosed under applicable state or Federal law either without appropriate notice to such third parties, or absent order by the Court.

   d. Information received in confidence from third parties.

   e. Information that the producing party otherwise believes in good faith to be entitled to protection under this Agreement.

2) "DOCUMENT(S)" is a collective reference to any and all material or other tangible things containing information produced by any party in the Action, information produced by a third-party concerning a party to the Action, including written responses to discovery and deposition testimony. Without limitation, DOCUMENT(S) further include(s) any medium by which information is recorded, stored, communicated, or utilized, including papers (of any kind, type, or character) and any method or medium by which information may be communicated, recorded, or retrieved by people or by computers. The word DOCUMENT(S), includes, without limitation, photographs, x-rays, motion pictures, audio tapes, videotape recordings, computer generated material, computer disks, and any other form or type of computer stored or computer retrievable data, microfilm and microfiche, or any other process by which information is reduced for storage, and duplicates and reproductions of the same by any method.

3) "Court" refers to the Honorable Oliver W. Wanger and/or any other judge of the United States District Court, Eastern District to whom the Action may be assigned, including Magistrate Judges.

**PROCEDURE FOR DETERMINING STATUS OF CONFIDENTIAL DOCUMENTS.**

1) All DOCUMENTS or categories of DOCUMENTS produced or disclosed that the producing party in good faith believes to contain CONFIDENTIAL INFORMATION that should be subject to this Agreement shall be designated by the producing party as follows:

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**
Weco Supply Company, Inc. v. The Sherwin-Williams Company
United States District Court
Eastern District of California (Case No. 1:10-CV-00171-OWW-SMS)

///

2) The designation of a DOCUMENT or information as "Confidential" shall not create any presumption with regard to the actual confidentiality of any DOCUMENT, nor shall it affect the burden of proof necessary for obtaining a protective order from the Court. The party designating information, DOCUMENTS, materials or items as "Confidential" bears the burden of establishing their confidentiality if such designation is challenged by a party to this Agreement. Any DOCUMENT with "Confidential" designation whose confidentiality is not challenged shall be automatically deemed subject to this Agreement and the Protective Order entered by the Court.

3) If counsel for a party receiving DOCUMENTS designated as Confidential objects to such designation of any or all of such items, the following procedure shall apply:

    a) Counsel for the objecting party shall serve on the designating party a written objection to such designation, which shall describe with particularity the DOCUMENTS or information in question, and shall state the factual, and to the extent applicable, the general legal grounds for the objection.

    b) Counsel for the designating party or third party shall respond in writing to such objection within fourteen calendar (14) days, unless a shorter time frame is agreed upon by the parties or ordered by the Court, and shall state with particularity the factual and legal grounds for asserting that the DOCUMENT or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed no longer applicable and not subject to the terms of this Agreement.

    c) If the designating party makes a timely response to such objection asserting the propriety of the designation, counsel shall then meet and confer within seven (7) calendar days of such response, unless a shorter time frame is agreed upon by the parties or ordered by the Court, in good faith in an effort to resolve the dispute.

    d) If a dispute as to a Confidential designation cannot be resolved by agreement, the person still asserting that the material in question is confidential shall present the dispute to the Court for resolution within ten (10) days after the unsuccessful

meet and confer between counsel. The DOCUMENT or information that is the subject of such a filing shall be treated as originally designated pending resolution of the dispute.

The party asserting a Confidential designation as to any Document shall have the burden of justifying that designation consistent with California law.

4) A Party shall not be obligated to challenge the propriety of the designation of information, DOCUMENTS, materials or items as "Confidential" at the time of production, and failure to do so shall not preclude a subsequent challenge to the designation provided that any challenge to a "Confidential" designation is made not later than one hundred and twenty (120) days after such document is produced. In no event shall the absence of a challenge to a "Confidential" designation be deemed a concession by the receiving Party that the material is entitled to protection from disclosure under applicable law except where such challenge is not made within the time limits set forth in this paragraph.

**ORDERS REGARDING CONFIDENTIAL INFORMATION**

With regard to DOCUMENTS designated as "Confidential," the foregoing provisions shall be in effect:

1) All CONFIDENTIAL INFORMATION shall be used by the receiving party solely for purposes of the prosecution or defense of this Action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph III(2) below, unless and until the restrictions herein are removed either by the operation of this Agreement, the written agreement of counsel for the Parties, or by order of the Court.

2) CONFIDENTIAL INFORMATION may be disclosed only to the following individuals under the following conditions:

   a. Counsel for the Parties, including Sherwin-Williams' in-house counsel, Matthew Jorgensen;

    b.   Outside experts or consultants retained by any party who execute the form attached as Attachment "A" (which shall not be discoverable except upon a showing of good cause);

    c.   Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    d.   The Court and court personnel;

    e.   During trial or deposition only, a witness or deponent if it appears that the witness or deponent authored or received a copy of it, was involved in or would have information relevant to the subject matter described therein, or is employed by the party who produced the information, DOCUMENT or thing, or if the producing party consents to such disclosure;

    f.   Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

3) CONFIDENTIAL INFORMATION shall be used only by individuals permitted access to it under Paragraph III(2). Confidential DOCUMENTS, copies thereof, and the information contained therein, or any CONFIDENTIAL INFORMATION shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

4) With respect to any depositions that involve a disclosure of Confidential DOCUMENTS or CONFIDENTIAL INFORMATION of a party to this Action, such party shall have until ten (10) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript of that deposition session are to be designated Confidential, which period may be modified by agreement of the

1  Parties or unless the circumstances otherwise required by order of the Court.  No such
2  deposition transcript shall be disclosed to any individual other than the individuals
3  described in Paragraph III(2) above and the deponent during this period of time
4  (although it may be filed under seal as permitted under this Agreement and order of the
5  Court), and no individual attending such a deposition shall disclose the contents of the
6  deposition to any individual other than those described in Paragraph III(2) above during
7  said period of time. Upon being informed that certain portions of a deposition are to be
8  designated as Confidential, all parties shall, upon receiving copies of the deposition
9  transcript, cause each copy of the transcript in its custody or control to be appropriately
10 marked and limit disclosure of that transcript in accordance with the provisions of this
11 Agreement.

12   5) Any party who has received Confidential DOCUMENTS and/or
13 CONFIDENTIAL INFORMATION shall act to preserve the confidentiality of such
14 DOCUMENTS and/or CONFIDENTIAL INFORMATION.  Any DOCUMENT that is
15 Confidential, including, without limitation, any deposition transcript, deposition exhibit,
16 pleading, motion, memorandum, deposition notice, interrogatory, request for document
17 production, subpoena, or response to an interrogatory or request for production, or that
18 reproduces, paraphrases, summarizes, or encloses Confidential DOCUMENTS, if filed
19 with the Court, shall be filed under seal in an envelope on which shall be endorsed the
20 title of this action, the nature of the contents of the envelope, the word
21 "CONFIDENTIAL," and the following (or similar) statement:

22   This envelope contains information covered by the AGREED
23   CONFIDENTIALITY STIPULATION FOR ENTRY OF PROTECTIVE
24   ORDER of the Parties date _____ and ORDER of the Court dated
25   _____.

26   6) All papers that that refer to or rely upon DOCUMENTS filed under seal shall
27 designate the particular aspects that are confidential to enable the Court, in drafting
28 orders, to determine whether there is evidence which the Court should attempt not to

disclose. Absent such advance notification, the Court will be free to incorporate all such documents and evidence in its written and oral rulings.

7) The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of DOCUMENTS at trial. Any party may move the Court for an order that the CONFIDENTIAL INFORMATION be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered CONFIDENTIAL INFORMATION should continue to be treated as Confidential and, if so, what protection, if any, may be afforded such information at the trial.

8) This Agreement and Protective Order shall apply to non-parties to this Agreement who are obliged to provide discovery, by deposition, production of documents or otherwise, in this Action if said non-party requests in writing the protection of this Agreement as to said non-party's CONFIDENTIAL INFORMATION, complies with the provisions of this Agreement, and agrees in writing to be bound by the terms of this Agreement.

9) To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential DOCUMENTS and/or CONFIDENTIAL INFORMATION that should have been designated as Confidential, regardless of whether the information, DOCUMENT or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific CONFIDENTIAL INFORMATION, DOCUMENT or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Agreement. All parties shall reserve the right to challenge such a designation pursuant to the provisions of this Agreement.

10) No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential under this Agreement.

11) This Agreement shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Agreement is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

12) In the event that any recipient of Confidential DOCUMENTS and/or CONFIDENTIAL INFORMATION (a) is served with a subpoena or other legal process in another action, or (b) is served with a request or a demand in another action to which he or she is a party, or (c) is served with a request or a demand or any other legal process by one not a party to this Action concerning Confidential DOCUMENTS and/or CONFIDENTIAL INFORMATION, that person (the recipient of Confidential DOCUMENTS) shall give prompt written facsimile and mail notice of such event to:

<u>If Document is Designated "Confidential" by The Sherwin-Williams Company:</u>

JOSEPH C. OWENS
Lewis Brisbois Bisgaard & Smith LLP
221 North Figueroa Avenue, Suite 1200
Los Angeles, California 90012
Facsimile: (213) 250-7900

<u>If Document is Designated "Confidential" by Plaintiff:</u>

Scott D. Laird, Esq.
**JONES HELSLEY PC**
265 E. River Park Circle, Suite 310
Post Office Box 28340,
Fresno, CA 93720
Tel: (559) 233-4800
Fax: (559) 233-9330

Such person shall also object on the basis of this Order to producing or responding to any such request, demand, or subpoena. Within ten (10) days from the giving of such written notice, the designating party shall advise the person who is to respond to the

subpoena or request or demand of its position.  The designating party shall bear the burden and the expense of seeking protection in that court of its CONFIDENTIAL INFORMATION.  Nothing in these provisions should be construed as authorizing or encouraging a party receiving "Confidential" DOCUMENTS in this action to disobey a lawful directive from another court.

**GENERAL PROVISIONS**

1) This Agreement shall survive the termination of the Action and shall remain in full force and effect unless modified by an order of the Court or by the written stipulation of the Parties filed with the Court.

2) Upon final conclusion of this Action, each party or other individual subject to the terms hereof shall, upon notice from the designating party, assemble and return to the designating party or destroy all originals and unmarked copies of DOCUMENTS and things containing CONFIDENTIAL INFORMATION  as well as excerpts, summaries and digests revealing CONFIDENTIAL INFORMATION; provided, however, that counsel may retain their work product and complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Agreement.

**SO STIPULATED.**

DATED: February 2, 2011     **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By /s/ *Joseph C. Owens*
JOSEPH C. OWENS
Attorneys for Defendant and Cross-Complainant
THE SHERWIN-WILLIAMS COMPANY

///
///
///
///
///

///

DATED:  December __, 2010        **JONES HELSLEY PC**

By / s/ *Scott D. Laird*
     SCOTT D. LAIRD
     MELISSA C. SCHMIDT
Attorneys for Plaintiff and Cross-Defendant
WECO SUPPLY COMPANY, INC.

**IT IS SO ORDERED.**

DATED: February 1, 2011          /s/ OLIVER W. WANGER
                                 HONORABLE OLIVER W. WANGER
                                 DISTRICT COURT JUDGE



# ATTACHMENT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WECO SUPPLY COMPANY, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>THE SHERWIN-WILLIAMS COMPANY, an unknown business entity, and DOES 1 through 10, inclusive,<br><br>        Defendant.<br><br>THE SHERWIN-WILLIAMS COMPANY,<br><br>        Cross-Complainant,<br><br>    v.<br><br>WECO SUPPLY COMPANY, a California Corporation; and ROES 1-10, inclusive,<br><br>        Cross-Defendants. | CASE NO. 1:10-CV-00171-OWW-SMS<br><br>CTRM: 3<br><br>**AGREEMENT TO BE BOUND BY TERMS OF AGREED CONFIDENTIALITY STIPULATION FOR ENTRY OF PROTECTIVE ORDER** |

I, _____, being duly sworn, state that:

    1.  My address is _____.

    2.  My present employer is _____ and the address of my present employment is _____.

    3.  I have carefully read and understood the provisions of the STIPULATED CONFIDENTIALITY AGREEMENT FOR ENTRY OF PROTECTIVE ORDER in this case and I will comply with all of its provisions.

    4.  No later than the final conclusion of the case, I will return all Confidential DOCUMENTS, CONFIDENTIAL INFORMATION, and summaries, abstracts, and indices thereof which come into my



4816-3764-6856.1      -12-

**STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER**

1  possession, and documents or things which I have prepared relating thereto, to counsel
2  for the party for whom I was employed or retained.
3      I declare under penalty of perjury that the foregoing is true and correct.

5  Dated:_____      _____
                              Name

