IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WECO SUPPLY COMPANY, INC., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>THE SHERWIN-WILLIAMS COMPANY,<br><br>Defendant.<br><br>AND RELATED CROSS-ACTION | 1:10-CV-00171 AWI BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING<br><br>(Doc. 46) |

Plaintiff and Cross-Defendant Weco Supply Company, Inc. ("Weco") filed this civil action against Defendant The Sherwin-Williams Company ("Sherwin-Williams") in the Superior Court of California, County of Fresno, alleging unfair business practices. Sherwin-Williams removed the action to this Court on February 2, 2010. Currently pending is Weco's request for reconsideration of the Magistrate Judge's ruling denying Weco's request to reopen discovery to conduct approximately five depositions. See Court's Docket, Doc. No. 46. For the reasons set forth below, Weco's request is denied.

**BACKGROUND**

On May 6, 2011, the Court signed an Order extending the discovery cut-off in this action from May 10, 2011 to September 30, 2011, as stipulated by the parties. See Court's Docket,

Doc. No. 34; Decl. of Scott Laird ("Laird Decl.") ¶ 3.  On or about October 9, 2011, after the September 30 discovery cut-off date had passed, counsel for Sherwin-Williams contacted counsel for Weco and requested a second stipulation to extend the discovery cut-off.  Laird Decl. ¶ 4.  Weco's counsel signed the stipulation and agreed to produce his client for deposition.  Id. ¶ 5.  On October 18, 2011, in light of the parties' stipulation, the Magistrate Judge signed an Order amending the Scheduling Order to extend the discovery cut-off date to January 13, 2012.[1]  See Court's Docket, Doc. No. 42.  The Magistrate Judge also set a new trial date of July 9, 2012, and a new dispositive motion filing deadline of March 28, 2012.  Id.

On October 25, 2011, Sherwin-Williams noticed the deposition of Weco's president for November 16, 2011.  See Laird Decl. ¶ 7, Exs. C, D, E.  Weco's counsel accommodated Sherwin-Williams' last minute requests for scheduling changes, and the deposition ultimately took place in late December.  Id., Ex. F.  Sherwin-Williams took two additional depositions on December 9, 2011.  Id. ¶ 8.  During this time, counsel for Weco spoke to counsel for Sherwin-Williams and requested available dates for the depositions of various Sherwin-Williams witnesses and certain designees.  Id.  Counsel for Sherwin-Williams never responded with any dates.  Id.

On January 9, 2012, prior to the discovery cut-off, counsel for Weco e-mailed counsel for Sherwin-Williams regarding scheduling the depositions.  Id. ¶ 9, Ex. G.  Counsel for Sherwin-Williams responded: "Scott, I believe the court ordered discovery cut-off for Jan. 13."  Id.  On January 10, 2012, counsel for Weco replied that he had been "buried with trial preparation in another case through October, November and early December," that Weco had accommodated Sherwin-Williams' deposition schedule, and that Sherwin-Williams was aware that depositions needed to be scheduled but had not provided available dates.  Id. ¶ 10, Ex. G. On January 11, 2012, counsel for Sherwin-Williams responded: "Scott, I have been appreciative of your

---

[1] It appears from the text of the Order that the discovery cut-off was extended to January 15, 2012, a Sunday.  See Court's Docket, Doc. No. 42.  In the moving papers, the parties refer to January 13, 2012, a Friday, as the discovery cut-off date.

2

courtesies. However, to extent [sic] discovery is a decision my client will have to make. I will contact them with your request." Id.

On February 1, 2012, counsel for Weco sent another e-mail to counsel for Sherwin-Williams asking whether Sherwin-Williams would produce the requested witnesses. Id. ¶ 12, Ex. H. Counsel for Sherwin-Williams responded that his client had not authorized him to extend the discovery cut-off. Id. Weco's counsel responded: "Joe, can you identify any prejudice? I can see none." Id. ¶ 13, Ex. H. Having received no reply from Sherwin-Williams' counsel, counsel for Weco contacted the Court to reopen discovery to conduct the necessary depositions.

On February 22, 2012, the parties each submitted a two-page letter[2] to the Court regarding their positions on the issue of reopening discovery. See RJN, Exs. 1, 2. The Magistrate Judge held a telephonic conference call on February 23, 2012 to resolve the discovery dispute. See Court's Docket, Doc. No. 44. Following oral argument, and after reviewing the parties' two-page briefs, the Magistrate Judge denied Weco's request. Id. Doc. No. 45.

## STANDARD OF REVIEW

Rule 72(a) of the Federal Rules of Civil Procedure allows a party to file and serve objections to a Magistrate Judge's nondispositive order within fourteen days. Fed. R. Civ. P. 72(a). In this court, these objections are treated as a motion for reconsideration by the assigned District Court Judge. See Local Rule 72-303.

Motions to reconsider are committed to the discretion of the trial court. See Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003); Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000). Local Rule 78-230(j) requires the party seeking reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

---

[2] Weco requests judicial notice of the two letters. See Court's Docket, Doc. No. 46-3 ("RJN"). While the letters are not the proper subject of judicial notice, the Court will deem them part of the record, as they were considered by the Magistrate Judge in her ruling.

1  The court reviews a motion to reconsider a Magistrate Judge's ruling on a nondispositive
2 motion under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. §
3 636(b)(1)(A).  See Fed. R. Civ. P. 72(a); Local Rule 72-303(f).  "A finding is 'clearly erroneous'
4 when although there is evidence to support it, the reviewing court on the entire evidence is left
5 with the definite and firm conviction that a mistake has been committed."  United States v. U.S.
6 Gypsum Co., 333 U.S. 364, 395 (1948); see also Anderson v. Equifax Info. Services LLC, 2007
7 WL 2412249, at *1 (D.Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit
8 de novo review of the legal findings of a magistrate judge, magistrate judges are given broad
9 discretion on discovery matters and should not be overruled absent a showing of clear abuse of
10 discretion.").  Some district courts have described the court's duty on a motion for
11 reconsideration as follows:

> This Court's function, on a motion for review of a magistrate judge's discovery order, is not to decide what decision this Court would have reached on its own, nor to determine what is the best possible result considering all available evidence. It is to decide whether the Magistrate Judge, based on the evidence and information before him, rendered a decision that was clearly erroneous or contrary to law.

15 Bare Escentuals Beauty, Inc. v. Costco Wholesale Corp.,  2007 WL 4357672, at *2 (S.D.Cal.
16 2007) (quoting Paramount Pictures Corp. v. Replay TV, 2002 WL 32151632, at * 1
17 (C.D.Cal.2002)).

## DISCUSSION

**A.   Ruling By Magistrate Judge**

Rule 16 of the Federal Rules of Civil Procedure provides that a party make seek modification of a scheduling order, including a discovery cut-off date, "only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  A party may establish good cause to modify a scheduling order

> by showing '(1) that he or she was diligent in assisting the court in creating a workable Rule 16 order; (2) that his or her noncompliance with a rule 16 deadline occurred or will occur, notwithstanding his or her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he or she was diligent in seeking amendment of the Rule 16 order, once it became apparent that he or she could not comply with the

order.'

Hood v. Hartford Life & Accident Ins. Co., 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008) (quoting Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal.1999)).

In this case, the Magistrate Judge ruled that good cause did not exist to reopen discovery for several reasons. See Court's Docket, Doc. No. 45.  First, the Magistrate Judge determined that an unspecified hectic trial schedule does not constitute good cause. Id.  Moreover, she found that: " (1) discovery has been open for almost two years; (2) the scheduling order has twice been modified; and (3) this matter was not brought to the Court[']s attention until more than a month after the deadline to complete discovery, and more than three weeks after the deadline to file non-dispositive motions." Id.  With respect to diligence, the Magistrate Judge noted that Weco made no effort to schedule the requested depositions until the last month of discovery. Id.  Finally, the Magistrate Judge found that reopening discovery would prejudice Sherwin-Williams because the dispositive motion filing deadline was March 28, 2012, and the trial date was less than five months away. Id.

**B.   Weco's Argument for Reconsideration**

Weco responds with a number of arguments for vacating the Magistrate Judge's Order. First, Weco contends that the Order was erroneous because it was based only on a brief two-page summary of the discovery dispute without any supporting evidence.  Weco also contends it was diligent in conducting all forms of discovery, but was unable to take depositions due to Weco's counsel's hectic trial schedule, and due to Sherwin-Williams' unwillingness to offer available dates or reciprocate Weco's accommodation of Sherwin-Williams' deposition schedule.  Lastly, Weco argues that allowing it to conduct the depositions will not delay the proceedings or prejudice Sherwin-Williams in any way, as trial is not set to begin until July 9, 2012.

5

**C.     Analysis**

A party seeking reconsideration must show facts or law which demonstrate that the Magistrate Judge's Order is clearly erroneous or contrary to law. In this case, Weco has failed to meet its burden.

Weco's argument that the Magistrate Judge's Order was erroneous because it was based only on a brief two-page letter is unavailing. The additional facts and supporting evidence provided in support of Weco's request for reconsideration are largely the same as those recited in the two-page letter, and they do not contradict the Magistrate Judge's findings. Discovery had been open for two years. That Sherwin-Williams conducted its depositions after the initial discovery cut-off expired, and only because Weco stipulated to an extension of the cut-off and various scheduling changes, does not excuse Weco from failing to conduct its own discovery in accordance with the Scheduling Order. Weco's argument that it was diligent in conducting all forms of discovery is belied by the fact that it did not notice or take a single deposition in the two years between the initiation of the lawsuit and the discovery cut-off, which was extended twice.

Similarly, the Magistrate Judge's finding that a hectic trial schedule is not good cause for reopening discovery is not clearly erroneous or contrary to law. It is undisputed that Weco's counsel's trial schedule did not prevent him from attending four depositions of Weco witnesses. After requesting available deposition dates for the Sherwin-Williams witnesses, counsel for Weco waited until four days before the discovery cut-off to follow-up on his request. Even if he did not receive available dates from Sherwin-Williams counsel, there was nothing to prevent Weco's counsel from noticing the necessary depositions prior to the cut-off.

Weco also contends that the parties had stipulated to two prior changes to the Scheduling Order, at least one of which was requested by Sherwin-Williams. While it is certainly understandable that Weco's counsel might have expected Sherwin-Williams to extend to him the same courtesy in stipulating to an additional extension of the discovery cut-off, that does not excuse Weco's failure to comply with the Scheduling Order. As Sherwin-Williams notes, the

first two extensions of the discovery cut-off also benefitted Weco, as it had not taken or noticed any depositions at that point either.

Finally, Weco has offered no evidence tending to show that its request would not prejudice Sherwin-Williams by delaying the proceedings.  The dispositive motion filing deadline has passed, and Sherwin-Williams' summary judgment motion is currently pending.  Trial is set for July 9, 2012, which is less than three months away.  The Magistrate Judge's ruling that reopening discovery would prejudice Sherwin-Williams is clearly supported by these facts.

As explained above, a District Court only reviews discovery orders issued by a Magistrate Judge for clear error or to determine whether they are contrary to law.  A reviewing court may not substitute its judgment for that of the deciding court. Rivera v. Nibco, Inc., 364 F.3d 1057, 1063 (9th Cir.2004).  The Magistrate Judge's ruling on this matter is neither erroneous nor contrary to law and, as such, Weco's request for reconsideration on this point is denied.

## CONCLUSION AND ORDER

IT IS HEREBY ORDERED that Plaintiff's request for reconsideration by the District Court of the Magistrate Judge's February 23, 2012, ruling is DENIED.

IT IS SO ORDERED.

Dated:    April 24, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE